UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFAYETTE REDDRICK,

                Petitioner,                      Case Number 2:09-CV-13133
                                                  Honorable Lawrence P. Zatkoff

v.

CAROL HOWES,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Lafayette Sylvester Reddrick's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner is serving a 3-to-20 year sentence for his Wayne Circuit Court conviction for pandering. MICH. COMP. LAWS § 750.455. For the reasons that follow, the Court denies the petition and denies a certificate of appealability.

### I. Facts and Procedural History

Petitioner was charged in a four-count complaint with pandering, use of a computer to commit a crime, child sexually abusive activity, and accepting the earnings of a prostitute. The charges concerned Petitioner's use of the internet to induce a seventeen-year-old girl to perform sex acts of prostitution with other men.

The parties reached a plea bargain whereby Petitioner would plead guilty to pandering with a 3-to-20 years sentence agreement, and the prosecutor would dismiss the other three charges. At the plea hearing, the trial court recited the terms of the agreement, and Petitioner indicated his acceptance. The trial court informed Petitioner of all the rights he would be waiving by entering his plea, and Petitioner agreed to do so. Petitioner also denied that he was threatened or that promises

were made to him other than those placed on the record to get him to accept the plea bargain. The trial court accepted the plea, and it later sentenced Petitioner to the agreed-to term of 3-to-20 years.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals which raised the following claim:

> I. Petitioner was denied the effective assistance of counsel because his trial counsel failed to recognize that the offense to which he pleaded was not applicable to his circumstances. Further, Petitioner was denied the effective assistance of counsel because his trial counsel failed to object to the guidelines scoring.

The court of appeals affirmed Petitioner's conviction in an October 14, 2008, order stating that Petitioner's delayed application for leave to appeal was denied for "lack of merit in the grounds presented." *People v. Reddrick*, Mich. Ct. App. No. 287610 (October 14, 2008). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which raised the same claim. The application for leave was denied in a standard order. *People v. Reddrick*, Mich. Sup. Ct. No. 137700 (March 23, 2009).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Even where a state court does not explain the rationale for its decision to reject a claim on the merits, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. 786.

-3-

### III. Analysis

Petitioner's only claim contends that his defense counsel did not properly advise him that pandering only applies to the inducement of women who were not already prostitutes to commit acts of prostitution.  Petitioner claims that because the victim in this case was already a prostitute, his trial counsel committed ineffective assistance of counsel by advising him to plead guilty to a charge that he did not commit.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented."  In *Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010), the Sixth Circuit stated that a "state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented,'" but a federal court cannot "discern from that language alone whether that decision was based on the merits of the case."  This holding has been superceded by *Richter.*  In *Richter*, the Supreme Court held that when a claim is presented for adjudication to a state court, and the state court summarily denies relief, there is a presumption "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S.Ct. at 784-85.  Here, there is no indication that the state appellate court denied Petitioner's application for any other reason than the claim lacked merit.  Accordingly, the state court decision constitutes an adjudication of the merits of Petitioner's claim for purposes of § 2254(d).  In order for Petitioner to obtain relief, therefore, he must show that fairminded jurists would agree that potential arguments supporting the state court decision are inconsistent with the holding in a prior decision of the Supreme Court.  *Richter*, 131 S. Ct. 786.  Here, there are ample arguments supporting the decision of the state court that satisfy this standard, and therefore Petitioner's claim for relief is barred by § 2254(d).

-4-

The Supreme Court has set forth a two-part test to evaluate the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. The petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

If the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded . . . and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[in] many . . . plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Id.* The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

First, to the extent that Petitioner asserts defense counsel was ineffective for misadvising him regarding the elements of pandering or encouraging him to accept a plea bargain and sentencing agreement despite the incorrect advice, habeas relief is unwarranted. Given the facts of the case, counsel may have reasonably believed that Petitioner made an advantageous plea bargain. The record indicates that Petitioner used his computer to facilitate the seventeen-year-old victim to commit acts of prostitution with other men. Petitioner claims that the victim was already a

prostitute, and he has attached a police report indicating that his co-defendant told the police she was already a prostitute when she was solicited.   But this self-serving statement by Petitioner's co-defendant hardly demonstrates that the prosecutor would have been unable to prove that the victim was not a prostitute had the case gone to trial.   Based on the existing record and Petitioner's statements at the plea hearing, counsel may well have believed that Petitioner could have been convicted of all four charged offenses - any one of which carried the twenty-year maximum term - had he forgone the plea offer.   Accordingly, Petitioner has not overcome the presumption that his counsel's recommendation to accept the plea offer was based on professionally competent advice.

Next, even assuming that counsel somehow misinformed Petitioner about the elements of pandering, another potential argument supports that state court decision.   A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999); *and Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004).   An ineffective assistance of counsel claim, predicated on allegedly misleading information given by counsel about the plea, does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002).   The record shows that Petitioner acknowledged that the victim was not a prostitute at the time he solicited her.   At the plea hearing he answered "yes" to the question: "did you induce, persuade, encourage, or entice a female by the name of B.P. *to become* a prostitute?" Plea Transcript, at 11 (emphasis added).   Accordingly, any misapprehension Petitioner had about the disputed element of pandering was dispelled during the plea colloquy.   The record also shows that the trial court properly informed Petitioner about the terms and consequences of his plea and sentencing agreement.   Petitioner agreed to the precise sentence he received.   Petitioner "is not

entitled to withdraw his plea merely because he discovers . . . after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."*Brady v. United States*, 397 U.S. 742, 757 (1970).

Lastly, the state court may have reasonably found that Petitioner was unable to demonstrate prejudice. Petitioner was required to demonstrate to the state court that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, the petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *See Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney's act or omission he or she would not have pleaded guilty, is insufficient to prove such a claim. *Id.*

In the present case, Petitioner failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. Petitioner's purported defense that the teenaged victim was already a prostitute, and therefore could not be pandered, is based only on his co-defendant's say-so. But even if this were true, it would not provide a defense to the other three charges. He does not state how

-7-

he would have defended the charges of accepting the earnings of a prostitute, child sexually abusive activity, or using a computer to commit a crime. Petitioner's assertion that the victim was not a child for purposes of the child-sexually-abusive-activity statute is incorrect. The statute defines "child" as someone under the age of eighteen, and the victim here was seventeen. Moreover, all of the charges carried twenty-year maximum sentences. See MICH. COMP. LAWS §§ 752.769; 752.797(3)(f); 750.145c; and 750.457. Because petitioner does not explain what viable defense that he had in this case, he has failed to show that he was prejudiced by his counsel's advice to accept the plea bargain.

## IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claims.

-8-

### V. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is

DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on June 29, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290